UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY EUGENE DeOLLAS II, | No. 2:22-cv-0906 DB P |
| Plaintiff, | |
| v. | ORDER |
| COUNTY OF SACRAMENTO, et al., | |
| Defendants. | |

Plaintiff, an inmate at the Sacramento County Jail, proceeds without counsel and seeks relief under 42 U.S.C. § 1983. This matter was referred to the undersigned by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff's complaint filed on May 26, 2022, is before the court for screening. The complaint's allegations fail to state a claim. Plaintiff will be granted leave to file an amended complaint.

**I.    In Forma Pauperis**

Plaintiff seeks to proceed in forma pauperis. (ECF No. 2.) Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a). The motion is granted.

**II.   Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

1

court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a short and plain statement of the claim that shows the pleader is entitled to relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In order to state a cognizable claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. The facts alleged must "'give the defendant fair notice of what the... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555). In reviewing a complaint under this standard, the court accepts as true the allegations of the complaint and construes the pleading in the light most favorable to the plaintiff. See id.; Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**III.   Allegations in the Complaint**

On August 1, 2021, deputies from the Sacramento County Sheriff's Department responded inappropriately to an incident on 46th Street in Sacramento, California, after a call was made to remove plaintiff from a house. (ECF No. 1 at 4.) Defendant Sutton and unknown other deputies responded to the call. (Id.)

Defendant Sutton and the other deputies failed to use "required intervention techniques" for dealing with people who appear to be mentally ill. (ECF No. 1 at 6.) The deputies failed to de-escalate the situation, which caused a threat to plaintiff's safety. (Id.) As a result of the incident with the deputies on August 1, 2021, plaintiff has suffered from mental and emotional anguish,

cruel and unusual punishment/living conditions, pain and suffering, false imprisonment/wrongful arrest, hardship, and deprivation of life and liberty. (Id. at 4.)

Plaintiff alleges the County of Sacramento has failed to have or enforce adequate policies on required intervention techniques for dealing with people who appear to be mentally ill and for de-escalating such situations. (ECF No. 1 at 3, 5.) Plaintiff states he brings his claims under the Fourteenth Amendment and names as defendants the County of Sacramento, County of Sacramento Sheriff's Office, Sheriff Scott R. Jones, and Maryann Sutton. (Id. at 2.) The complaint seeks damages, declaratory judgment, and injunctive relief. (Id. at 7.)

## IV.   Screening of the Complaint

### A.   Legal Standards under 42 U.S.C. § 1983

To state a claim under 42 U.S.C. § 1983 ["§ 1983"], a plaintiff must allege a deprivation of a constitutional right under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988). An individual defendant is not liable for a civil rights violation unless the facts establish that the defendant's personal involvement in some constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. See Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978); see also Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) (person deprives another of constitutional right if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes deprivation of which plaintiff complains) (citation omitted). Supervisory personnel generally are not liable for civil rights violations on any theory of respondeat superior or vicarious liability in the absence of law imposing such liability. Redman v. Cty. of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991). A supervisor is liable for constitutional violations of a subordinate only "if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Section 1983 requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by a plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of

[S]ection 1983, if she does an affirmative act, participates in another's affirmative acts or omits to perform an act which she is legally required to do that causes the deprivation of which complaint is made." Johnson, 588 F.2d at 743.

### B. Fourteenth Amendment

The complaint states plaintiff intends to bring his claims under the Fourteenth Amendment. The facts alleged do not state a claim for a violation of a right protected by the Fourteenth Amendment.

#### 1. Equal Protection

To state a claim under § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must allege that a defendant "acted with an intent or purpose to discriminate against him based upon his membership in a protected class." Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003). To sufficiently plead discriminatory intent, a plaintiff must "plead intentional unlawful discrimination or allege facts that are at least susceptible of an inference of discriminatory intent." Monteiro v. Tempe Union High Sch. Dist., 158 F.3d 1022, 1026 (9th Cir. 1998) (citations omitted).

Federal courts do not treat the mentally ill as a suspect or quasi-suspect class and thus apply rational-basis review in equal protection claims involving such persons. Heller v. Doe, 509 U.S. 312, 321 (1993). Here, the complaint does not include facts alleging any individual defendant acted with the intent or purpose to discriminate against plaintiff based on his alleged status as a mentally ill person or any other class. Plaintiff also has not alleged any facts suggesting he was treated differently from others who were similarly situated. See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (rational basis review); Thornton v. City of St. Helens, 425 F.3d 1158, 1167-68 (9th Cir. 2005) (an equal protection claim will not lie by conflating all persons not injured into a preferred class receiving better treatment than the plaintiff). No equal protection claim is stated.

#### 2. Procedural and Substantive Due Process

Under the Due Process Clause of the Fourteenth Amendment, "[n]o State shall... deprive any person of life, liberty, or property, without due process of law." U.S. Constitution, amend.

XIV § 1. The procedural due process component protects individuals against the deprivation of liberty or property by the government, while substantive due process protects individuals from the arbitrary deprivation of liberty by the government. Portman v. County of Santa Clara, 995 F.2d 898, 904 (9th Cir. 1993).

A claim under 42 U.S.C. § 1983 for a violation of procedural due requires: "(1) a liberty or property or property interest protected by the Constitution; (2) a deprivation of the interest by the government, and (3) lack of process." Portman, 995 F.2d at 904. Here, the complaint does not identify a protected interest of which plaintiff deprived. To the extent plaintiff alleges law enforcement did not use "required intervention techniques" on August 1, 2021, no facts alleged suggest plaintiff had a constitutionally protected interest in any such procedures. See Clemente v. U.S., 766 F.2d 1358, 1365 (9th Cir. 1985) ("[p]rocedural requirements ordinarily do not transform a unilateral expectation into a constitutionally protected property interest"); Crenshaw v. Baynerd, 180 F.3d 866, 869 (7th Cir. 1999) ("the mere expectation of receiving a state-afforded process[,] does not establish either an independent liberty or property interest protected by the Due Process Clause"). Thus, the complaint does not state a procedural due process claim.

The facts alleged also do not state a substantive due process claim based on an alleged false arrest. A deprivation of liberty resulting from an alleged false arrest does not state a cognizable substantive due process claim. See Albright v. Oliver, 510 U.S. 266, 272-76 (1994); Awabdy v. City of Adelanto 368 F.3d 1062, 1069 (9th Cir. 2004) (no substantive due process right exists under the Fourteenth Amendment to be free from prosecution without probable cause). Instead of the Fourteenth Amendment, a claim alleging a pretrial deprivation of liberty such as a false arrest is addressed under the Fourth Amendment. Albright, 510 U.S. at 274.

**C. Fourth Amendment**

A "false arrest" alleged to have been made without probable cause or justification can support a claim for compensatory relief under 42 U.S.C. § 1983 as an alleged Fourth Amendment violation. Dubner v. City and County of San Francisco, 266 F.3d 959, 964 (9th Cir. 2001). Probable cause "exists when under the totality of the circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that [the person

arrested] had committed a crime." Barlow v. Ground, 943 F.2d 1132, 1135 (9th Cir. 1991). Here, the complaint does not allege facts to support a lack of probable cause for plaintiff's arrest. In addition, as set forth below, a false arrest claim arising out of the August 1, 2021 incident would appear to be barred under Heck v. Humphrey, 512 U.S. 477 (1994), if plaintiff stands convicted of a criminal offense arising out of that arrest.

### D. Heck-bar

When a prisoner challenges the legality or duration of his custody or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973). To recover damages under § 1983 for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck, 512 U.S. at 486-87. When a prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if so, then the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. Id.

Heck generally bars claims challenging the validity of an arrest, prosecution or conviction. See Cabrera v. City of Huntingdon Park, 159 F.3d 374, 380 (9th Cir. 1998) (Heck barred plaintiff's false arrest and imprisonment claims until conviction was invalidated); Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996) (Heck barred plaintiff's claims that defendants lacked probable cause to arrest him and brought unfounded criminal charges against him). It also bars claims that "necessarily imply" the invalidity of a conviction. See, e.g., Valdez v. Rosenbaum, 302 F.3d 1039, 1049 (9th Cir. 2002).

Based on the facts alleged, it appears a false arrest claim arising out of the incident on August 1, 2021, would be Heck-barred to the extent it necessarily implies the invalidity of a conviction, unless the conviction or sentence has been reversed on direct appeal, expunged by

executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck, 512 U.S. at 486-87. If, instead, plaintiff is a pretrial detainee and has not suffered a conviction or sentence in connection with the August 1, 2021 arrest, then his sole federal remedy would be a writ of habeas corpus. See Preiser, 411 U.S. 475.

### D. Monell Claim for Inadequate Policies

The complaint's allegations about defendant County of Sacramento's alleged policy deficiencies pertaining to intervention techniques raise the question whether plaintiff could state an entity liability claim under Monell v. Dep't of Soc. Srvs. of New York, 436 U.S. 658 (1978). A local government can be liable under § 1983 for the acts of its employees causing a constitutional injury. See id.; City of Canton v. Harris, 489 U.S. 378, 390 (1989). Such a claim would require plaintiff to show that he suffered an individualized constitutional injury. See Gillette v. Delmore, 979 F.2d 1342, 1346 (9th Cir. 1992) (Monell claims require that an employee committed an alleged constitutional violation or that an official with final policy-making authority ratified a subordinate's unconstitutional decision or action and basis for it). Here, the facts alleged fail to state an individualized cognizable constitutional claim. Without an individualized constitutional violation, there can be no Monell claim. See id.; Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown, 520 U.S. 397, 403-04 (1997) (Monell plaintiffs must prove a constitutional injury).

### V. Conclusion and Order

The complaint fails to state a cognizable claim, but plaintiff is granted leave to file an amended complaint. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If plaintiff chooses to file an amended complaint, it should be titled "first amended complaint" and must state what each named defendant did that led to the deprivation of plaintiff's own constitutional rights. See Iqbal, 556 U.S. at 676-77.

In the alternative, plaintiff may notify the court he wishes to stand on the complaint as it is currently pleaded. See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1064-65 (9th Cir. 2004). If plaintiff chooses this option, the undersigned will issue findings and recommendations to dismiss the complaint without further leave to amend, after which plaintiff will be granted an opportunity

to file objections, and a district judge will determine whether the complaint states a cognizable claim. In the further alternative, if plaintiff does not wish to pursue his claims further, plaintiff may file a notice of voluntary dismissal, which will terminate this action by operation of law.

This opportunity to amend is not for the purpose of adding new claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Instead, plaintiff should focus efforts on identifying how his own rights have been violated and how each named individual defendant is personally responsible for the alleged violations.

An amended complaint supersedes the prior complaint, see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), and must be "complete in itself without reference to the prior or superseded pleading," E.D. Cal. Local Rule 220. Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in any amended complaint, plaintiff must sufficiently allege each claim and the involvement of each defendant.

**VI.    Order**

In accordance with the above, IT IS HEREBY ORDERED:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action as set forth by separate order.

3. The Clerk's Office shall send plaintiff a blank civil rights complaint form.

4. Within thirty days from the date of service of this order, plaintiff must file one of the following:

    a.  An amended complaint curing the deficiencies identified in this order;

    b.  A notice of election to stand on the complaint as filed; or

    c.  A notice of voluntary dismissal.

5. Failure to respond to this order will result in a recommendation that this action be dismissed for failure to obey a court order and failure to prosecute.

Dated:  December 20, 2022

DLB7
deol0906.scrn

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE