1
2
3
4
5
6
7
8                            UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ANTHONY EUGENE DeOLLAS II,                No.  2:22-cv-0906 DB P

12                  Plaintiff,

13          v.                                 ORDER

14   COUNTY OF SACRAMENTO, et al.,

15                  Defendants.

16

17

18          Plaintiff, an inmate at the Sacramento County Jail, proceeds without counsel and seeks

19   relief under 42 U.S.C. § 1983. This matter was referred to the undersigned by Local Rule 302

20   pursuant to 28 U.S.C. § 636(b)(1). Plaintiff's first amended complaint is before the court for

21   screening. (ECF No. 7.) The amended complaint's allegations fail to state a claim. Plaintiff will

22   be granted one final opportunity to allege additional facts.

23   **I.      Screening Requirement**

24          The court is required to screen complaints brought by prisoners seeking relief against a

25   governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

26   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

27   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

28   monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

                                                   1

1   A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v.

2   Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir.

3   1984). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal

4   theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical

5   inquiry is whether a constitutional claim has an arguable legal and factual basis. See Jackson v.

6   Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

7           Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a short and plain statement

8   of the claim that shows the pleader is entitled to relief. Bell Atlantic Corp. v. Twombly, 550 U.S.

9   544, 555 (2007). In order to state a cognizable claim, a complaint must contain more than "a

10  formulaic recitation of the elements of a cause of action;" it must contain factual allegations

11  sufficient "to raise a right to relief above the speculative level." Id. The facts alleged must "'give

12  the defendant fair notice of what the... claim is and the grounds upon which it rests.'" Erickson v.

13  Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 555). In reviewing a complaint

14  under this standard, the court accepts as true the allegations of the complaint and construes the

15  pleading in the light most favorable to the plaintiff. See id.; Scheuer v. Rhodes, 416 U.S. 232, 236

16  (1974).

17      **II.      Allegations in the First Amended Complaint**

18          The first amended complaint brings claims under the Equal Protection Clause and for

19  cruel and unusual punishment, naming the County of Sacramento Sheriff's Department and

20  Maryann Sutton as defendants.

21          On August 1, 2021, plaintiff suffered a mental health crisis on 46th Street in Sacramento,

22  California. A relative called 911. The Sacramento Sheriff's Department failed to send out

23  deputies who were trained in crisis intervention techniques to de-escalate the situation. Defendant

24  Sutton and another unknown female deputy responded inappropriately to the incident.

25          Plaintiff is a Hispanic male with a criminal background. The defendants had

26  discriminatory intent and engaged in racial profiling. The defendants also violated Department

27  policy and state law. Their conduct broke public trust and caused harm to plaintiff's health and

28  safety.

1
2

### III.    Screening of the Complaint

#### A.  Legal Standards under 42 U.S.C. § 1983

3
4
5
6
7
8
9
10

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a deprivation of a constitutional right under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988). Section 1983 requires an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by a plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). A person deprives another of a constitutional right if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes deprivation of which plaintiff complains. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).

11

#### B.  Equal Protection Clause

12
13
14
15
16
17
18
19

The facts alleged do not state a claim for a violation of the Equal Protection Clause of the Fourteenth Amendment. To state a claim for a violation of the Equal Protection Clause, a plaintiff must allege a defendant "acted with an intent or purpose to discriminate against him based upon his membership in a protected class." Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003). To sufficiently plead discriminatory intent, a plaintiff must "plead intentional unlawful discrimination or allege facts that are at least susceptible of an inference of discriminatory intent." Monteiro v. Tempe Union High Sch. Dist., 158 F.3d 1022, 1026 (9th Cir. 1998) (citations omitted).

20
21
22
23
24
25
26
27
28

Plaintiff has adequately alleged that he a member of a protected class for equal protection purposes. However, the amended complaint does not plead facts plausibly showing that any defendant acted with the intent or purpose to discriminate against plaintiff based on his status as a Hispanic person. Merely stating the defendants had discriminatory intent and that they engaged in racial profiling does not suffice. See Twombly, 550 U.S. at 555-557 (naked assertions, labels and conclusions, and formulaic recitations of the elements of a cause of action do not suffice to state a claim). The first amended complaint also fails to plausibly allege how plaintiff was treated differently from others who were similarly situated. See Village of Willowbrook v. Olech, 528

////

3

U.S. 562, 564 (2000); <u>Thornton v. City of St. Helens</u>, 425 F.3d 1158, 1167-68 (9th Cir. 2005).

For these reasons, the amended complaint fails to state an equal protection claim.

### C.  Alleged Inappropriate Response by Deputies

Although plaintiff brings a claim for "cruel and unusual punishment," plaintiff was not a convicted prisoner when the incident underlying the complaint occurred. Therefore, his rights arose under the Due Process Clause of the Fourteenth Amendment, or under the Fourth Amendment, rather than the Eighth Amendment which forbids cruel and unusual punishment. <u>See</u> <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 686 (9th Cir. 2001).

"No State shall... deprive any person of life, liberty, or property, without due process of law." U.S. Constitution, amend. XIV § 1. A deprivation of liberty resulting from an alleged false or wrongful arrest does not state a cognizable substantive due process claim. <u>See</u> <u>Albright v. Oliver</u>, 510 U.S. 266, 272-76 (1994); <u>Awabdy v. City of Adelanto</u> 368 F.3d 1062, 1069 (9th Cir. 2004) (no substantive due process right exists under the Fourteenth Amendment to be free from prosecution without probable cause).

The facts alleged also do not state a procedural due process claim. A claim under 42 U.S.C. § 1983 for a violation of procedural due requires: "(1) a liberty or property or property interest protected by the Constitution; (2) a deprivation of the interest by the government, and (3) lack of process." <u>Portman v. County of Santa Clara</u>, 995 F.2d 898, 904 (9th Cir. 1993). Here, the complaint does not identify a protected interest of which plaintiff deprived. To the extent plaintiff alleges the defendants did not use crisis intervention techniques to de-escalate the situation on August 1, 2021, no facts alleged show that plaintiff had a constitutionally protected interest in such procedures. <u>See</u> <u>Clemente v. U.S.</u>, 766 F.2d 1358, 1365 (9th Cir. 1985) ("Procedural requirements ordinarily do not transform a unilateral expectation into a constitutionally protected property interest[.]"); <u>Crenshaw v. Baynerd</u>, 180 F.3d 866, 869 (7th Cir. 1999) ("the mere expectation of receiving a state-afforded process[,] does not establish either an independent liberty or property interest protected by the Due Process Clause"). For all these reasons, the amended complaint does not state a due process claim.

////

1    Finally, the amended complaint does not state a claim under the Fourth Amendment.

2   Allegations that the deputies responded inappropriately, broke public trust, and caused harm to

3   plaintiff's health and safety are too vague to inform the court or defendants of the specific

4   conduct plaintiff seeks to challenge. "A claim for unlawful arrest is cognizable under [42 U.S.C.]

5   § 1983 as a violation of the Fourth Amendment provided that the arrest was made without

6   probable cause or other justification." Dubner v. City and County of San Francisco, 266 F.3d 959,

7   964 (9th Cir. 2001). Plaintiff does not allege a lack of probable cause for the arrest. Plaintiff also

8   does not allege any facts suggesting any deputy used an unreasonable amount of physical force

9   against him during the arrest. For all these reasons, the amended complaint fails to state a claim

10   under the Fourth or Fourteenth Amendments based on allegations that the deputies responded

11   inappropriately to the situation.

12    **D.  Sheriff's Department Policies**

13    Allegations about the County of Sacramento's alleged policy deficiencies for incidents

14   involving mentally ill persons raise the question whether plaintiff could state an entity liability

15   claim under Monell v. Dep't of Soc. Srvs. of New York, 436 U.S. 658 (1978). A local

16   government can be liable under 42 U.S.C. § 1983 for the acts of its employees causing a

17   constitutional injury. See id.; City of Canton v. Harris, 489 U.S. 378, 390 (1989). Such a claim

18   would require plaintiff to show that he suffered an individualized constitutional injury. Bd. of

19   Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown, 520 U.S. 397, 403-04 (1997) (Monell plaintiffs

20   must prove a constitutional injury). For the reasons set forth above, the facts alleged fail to state

21   an individualized cognizable constitutional claim. Thus, there can be no Monell claim. See id.

22    **IV.    Conclusion and Order**

23    The first amended complaint fails to state a cognizable claim, but plaintiff is granted a

24   final opportunity to file an amended complaint as set forth below. See Noll v. Carlson, 809 F.2d

25   1446, 1448-49 (9th Cir. 1987). If plaintiff chooses to file a further amended complaint, it should

26   be titled "second amended complaint" and must state what each named defendant did that led to

27   the deprivation of plaintiff's own constitutional rights. See Iqbal, 556 U.S. at 676-77.

28   ////

5

This opportunity to amend is not for the purpose of adding new claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Instead, plaintiff should focus efforts on identifying how his rights were violated in connection with the incident in question.

In the alternative, plaintiff may notify the court he wishes to stand on the first amended complaint as it is currently pleaded. See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1064-65 (9th Cir. 2004). If plaintiff chooses this option, the undersigned will issue findings and recommendations to dismiss the complaint without further leave to amend, after which plaintiff may file objections, and then a district judge will determine whether the complaint states a cognizable claim. In the further alternative, plaintiff may file a notice of voluntary dismissal, which will terminate this action by operation of law.

An amended complaint supersedes the prior complaint, see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), and must be "complete in itself without reference to the prior or superseded pleading," E.D. Cal. Local Rule 220. Once plaintiff files a further amended complaint, the original pleading no longer serves any function in the case. Therefore, in any amended complaint, plaintiff must sufficiently allege each claim and the involvement of each defendant.

## V. Order

In accordance with the above, IT IS HEREBY ORDERED:

1. The first amended complaint (ECF No. 7) is dismissed with leave to amend as set forth below.

2. The Clerk's Office shall send plaintiff a blank civil rights complaint form.

3. Within thirty days from the date of service of this order, plaintiff must file one of the following:

   a. A second amended complaint curing the deficiencies identified in this order;

   b. A notice of election to stand on the first amended complaint as filed; or

   c. A notice of voluntary dismissal.

////

////

6

4.  Failure to respond to this order will result in a recommendation that this action be dismissed for failure to obey a court order and failure to prosecute.

Dated:  March 30, 2023

_____

DEBORAH BARNES

UNITED STATES MAGISTRATE JUDGE

DLB7
deol0906.scrn.fac