UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY EUGENE DeOLLAS, II, | No. 2:22-cv-0906 DB P |
| Plaintiff, | |
| v. | ORDER |
| COUNTY OF SACRAMENTO, et al., | |
| Defendants. | |

    Plaintiff, a county jail inmate proceeding pro se with a civil rights action, has requested appointment of counsel and a further 180-day extension of time to file a second amended complaint. For the reasons set forth below, these requests are denied. Sua sponte, the court grants plaintiff a final extension of time of 30 days to file a second amended complaint before issuing findings and recommendations to dismiss this action without prejudice.

    The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

    The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in

1   light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328,
2   1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances
3   common to most prisoners, such as lack of legal education and limited law library access, do not
4   establish exceptional circumstances that would warrant a request for voluntary assistance of
5   counsel. In the present case, the court does not find the required exceptional circumstances.

6         As to the filing of the second amended complaint, plaintiff has already been granted
7   extensions of time totaling more than 230 days, plus the additional time that passed while
8   requests were pending. More than two years have passed since this action was filed and more than
9   fourteen months have passed since the court dismissed plaintiff's first amended complaint and
10  granted leave to file a second amended complaint. The pending motion for a 180-day extension of
11  time was docketed on October 30, 2023, which was the same day on which the court granted
12  plaintiff's previous motion for a 180-day extension of time filed approximately one month earlier.
13  The 180 days granted on October 30, 2023, have expired, and plaintiff has neither filed a second
14  amended complaint nor provided good cause reasons for a further extension of time.

15        Plaintiff's first amended complaint alleged, generally, that Sacramento County Sheriff's
16  Deputies responded inappropriately to an incident on August 1, 2021, when plaintiff suffered a
17  mental health crisis. The pending motion for a 180-day extension of time states plaintiff is
18  waiting for the release of "Pitchess" discovery pertaining to his criminal case. See Pitchess v.
19  Superior Court, 11 Cal. 3d 531 (1974) (establishing process for discovery of otherwise
20  confidential personnel records in California). Personnel records of the involved sheriff's deputies
21  will not assist plaintiff to state a constitutional claim regarding his own treatment by deputies on
22  the day in question, even if the records do reveal other similar incidents or other misconduct by
23  the deputies involved. As the court previously indicated, a claim under Monell v. Dep't of Soc.
24  Srvs. of New York, 436 U.S. 658 (1978), for alleged policy deficiencies or other theories of entity
25  liability would require plaintiff to show that he suffered an individualized constitutional injury.
26  See Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown, 520 U.S. 397, 403-04 (1997) (Monell
27  plaintiffs must prove a constitutional injury). Pitchess records will not assist plaintiff to show that
28  he suffered an individualized constitutional injury.

Accordingly, plaintiff has not shown good cause for a further extension of time to file the second amended complaint. Moreover, the October 30, 2023 order informed plaintiff that no further extensions of time would be granted for the purpose of filing the second amended complaint. Nevertheless, because plaintiff constructively filed the pending motion prior to the October 30, 2023 order, the court will allow plaintiff 30 days to file the second amended complaint before recommending this action be dismissed without prejudice for failure to state a claim.

In accordance with the above, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for the appointment of counsel (ECF No. 17) is denied.
2. Plaintiff's request for a further 180-day extension of time to file a second amended complaint is denied.
3. Sua sponte, the court grants plaintiff 30 days to file the second amended complaint; failure to file the second amended complaint within this time period will result in a recommendation that this action be dismissed without prejudice.

Dated: June 3, 2024

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB7
deol0906.31+36.den