UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY EUGENE DeOLLAS, II, | No. 2:22-cv-00906 KJM SCR P |
| Plaintiff, | |
| v. | ORDER |
| COUNTY OF SACRAMENTO, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 23, 2024, the magistrate judge filed findings and recommendations, which were served on plaintiff and which contained notice to plaintiff that any objections to the findings and recommendations were to be filed within 21 days. Plaintiff has not filed objections to the findings and recommendations.

The court presumes that any findings of fact are correct. *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo. *See Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007) ("[D]eterminations of law by the magistrate judge are reviewed de novo by both the district court and [the appellate]

court[.]"). Having reviewed the file, the court finds the findings and recommendations to be supported by the record. The court notes that when determining whether to dismiss a case for failure to comply with a court order and/or failure to prosecute, the court must weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (citation omitted) (applying standard for dismissal based on failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) (same standard for dismissal based on failure to prosecute). The court has considered these factors and finds they weigh in favor of dismissal. The magistrate judge originally ordered plaintiff to file a second amended complaint in March 2023. *See* Prior Order (Mar. 31, 2023), ECF No. 8. Plaintiff was then granted multiple extensions of time. *See* Prior Order (May 16, 2023), ECF No. 10; Prior Order (Aug. 1, 2023), ECF No. 13; Prior Order (Oct. 30, 2023), ECF No. 15; Prior Order (June 3, 2024), ECF No. 18. The court need not wait indefinitely for plaintiff to file an amended complaint and finds at this point—less drastic alternatives are not available—the magistrate judge warned plaintiff that failure to comply with the court's order could result in dismissal.

    Accordingly, IT IS HEREBY ORDERED as follows:

    1. The findings and recommendations, ECF No. 19, are adopted in full;

    2. Plaintiff's first amended complaint is dismissed without further leave to amend for failure to state a claim; and

    3. The Clerk of Court is directed to close this case.

DATED: October 4, 2024.

_____
UNITED STATES DISTRICT JUDGE